**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| 506 FRANKLIN ROAD, LLC, | ) | Case No. 3:26-bk-02120 |
| | ) | Judge Charles M. Walker |
| Debtor. | ) | |

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: May 26, 2026**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: June 17, 2026 at 11:00**
**a.m. in Courtroom 2, 701 Broadway, Nashville, TN 37203.**
**(Virtual Hearing if allowed; See website for details)**

---

The relief described below is being requested from the Court. **YOUR RIGHTS MAY BE AFFECTED**. If you do not want the Court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are opposed. **If a response or objection is not filed, the Court may grant the request without a hearing**. Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.uscourts.gov/9013. If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

---

### MOTION FOR ORDER APPROVING EMPLOYMENT AND RETENTION OF DUNHAM HILDEBRAND PAYNE WALDRON, PLLC AS COUNSEL FOR DEBTOR

The above-captioned debtor ("Debtor") hereby applies to the Court pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for an Order authorizing and approving the employment of Dunham Hildebrand Payne Waldron, PLLC (the "Firm") to represent the Debtor in its bankruptcy case. A verified statement of the Firm pursuant to 11 U.S.C. § 329 and Rules 2014(a) and 2016(b) of the Bankruptcy Rules is attached hereto as Exhibit A. In support of this motion, Debtor represents as follows:

1.      On May 4, 2026, (the "Petition Date"), Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtor is in possession of its property and is managing its affairs as Debtor-in-Possession. No Trustee has been appointed, nor has a committee of unsecured creditors been appointed.

3.      The Debtor has selected the Firm because the Debtor believes the Firm to be well qualified to represent it in these proceedings.

4.      The Firm has been and will be employed to provide various legal services for the Debtor, including but not limited to, the following:

a.      Rendering legal advice with respect to the rights, power, and duties of the Debtor in the management of its assets and operations;

b.      Investigating and, if necessary, instituting legal action on behalf of the Debtor to collect and recover assets of the Debtor's estate;

c.      Preparing all necessary pleadings, orders and reports with respect to this proceeding and to render all other necessary or proper legal services;

d.      Assisting and counseling the Debtor in the preparation, presentation, and confirmation of a plan of reorganization;

e.      Representing the Debtor as may be necessary to protect its interests; and

f.      Performing all other legal services that may be necessary and appropriate in the general administration of Debtor's estate.

5.      The Debtor and the Firm do not believe that there is any actual or potential conflict of interest affecting the Firm's representation of the Debtor.  The Firm does not currently, and has not previously, represented any creditor of the Debtor or any party in interest.

6.      Subject to this Court's approval, the Firm will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. The Firm's current standard hourly rates are $500-$550 per hour for attorneys and $200-$225 per hour for paralegals. The Firm's standard hourly rates are subject to adjustment as of January 1 of each year.

7. In addition to seeking payment for legal services, the Firm will charge for all expenses actually incurred on behalf of the Debtor, consistent with its normal practices and as may be approved by the Court as reasonable and necessary. The expenses and charges include such items as: filing fees, mailing charges, hand delivery and other delivery charges, travel expenses, computerized legal research charges, transcription costs, and photocopying charges.

8. The Firm received a retainer of $26,738.00 prior to filing. Of this amount, $9,300.42 was earned and paid prior to the filing of the petition, including $1,738.00 used to pay the Chapter 11 filing fee, and $17,437.58 (the "Retainer") is retained by the firm and held in trust. An affiliate of the Debtor, Three Sixteen Tennis, LLC, was the source of the Retainer.

9. The Firm requests permission to file a first interim fee application on or after the 30th day following the commencement of this case. Unless otherwise ordered by the Court, all subsequent fee applications shall be filed no more often than once every 30 days. No funds may be paid by the Debtor after the Petition Date to the Firm for fees or expenses absent entry of an order approving the fees and expenses.

10. The Firm does not believe it represents any interest adverse to the Debtor or Debtor's estate and is believed to be a "disinterested person" under Bankruptcy Code §§ 101(14) and 327.

11. To the best of Debtor's knowledge and the Firm's knowledge, the Firm has no disqualifying connection with the Debtor or its estate, the Debtor's creditors, or any other party in interest, its respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order authorizing the employment of Dunham Hildebrand Payne Waldron, PLLC as counsel for the Debtor in all capacities as set forth above, and for such other and further relief as is appropriate and just.

Respectfully Submitted,

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND
PAYNE WALDRON, PLLC
9020 Overlook Boulevard, Suite 316
Brentwood, TN 37027
615.933.5851
ned@dhnashville.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

On May 4, 2026, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case, and by regular mail, email, or fax (as applicable) to (i) the Debtor's twenty largest unsecured creditors, (ii) the Office of the United States Trustee, and (iii) the Debtor's secured creditors.

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV

<p style="text-align:center;color:red;">**EXHIBIT A**</p>

<p style="text-align:center;">**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**</p>

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| 506 FRANKLIN ROAD, LLC, | ) | Case No. 3:26-bk-02120 |
| | ) | Judge Charles M. Walker |
| Debtor. | ) | |
| | ) | |

<p style="text-align:center;">**<u>VERIFIED STATEMENT OF HENRY E. ("NED") HILDEBRAND, IV</u>**</p>

Dunham Hildebrand Payne Waldron, PLLC (the "Firm"), proposed counsel for the Debtor in this case, respectfully submits, pursuant to 11 U.S.C. §§ 327 and 329 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this Verified Statement disclosing connections with creditors and parties in interest, if any, and disclosing compensation paid or agreed to be paid to the Firm.

I, Henry E. ("Ned") Hildebrand, IV, on behalf of the Firm, hereby swear under penalty of perjury as follows:

1. I am an attorney and member of the Firm with an office located at 9020 Overlook Boulevard, Suite 316, Brentwood, Tennessee 37027. I submit this Verified Statement in support of the application of the Debtor for approval of the retention and employment of the Firm.

2. I am an attorney in good standing and licensed to practice law in the State of Tennessee and am duly qualified and admitted to practice before this Court.

3. The application filed contemporaneously herewith, and incorporated herein, accurately sets forth the agreement between the Debtor and the Firm. The compensation set forth in the Application is equal to or below the rates customarily charged by the Firm for comparable services other than in a case under Title 11 of the United States Code.

4. There exists no understanding or agreement between the Firm or any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case except as authorized by 11 U.S.C. § 504(b)(1).

5. To the best of my knowledge, the Firm, and its members and associates, represent no interest adverse to the Debtor or to the estate in matters upon which it is to be engaged. It is believed, and therefore represented, that the Firm is disinterested within the meaning of 11 U.S.C. §§ 101(14) and 327.

6. To the best of the Firm's knowledge, the Firm has no disqualifying connection with the Debtor or its estate, the Debtor's creditors, or any other party in interest, its respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

7. During the period of its employment as counsel for the Debtor, the Firm, and its members and associates, will not hold any interest adverse to Debtor, and will not cease to be a disinterested person within the meaning of 11 U.S.C. §§ 101(14) and 327.

8. The Firm received a retainer of $26,738.00 prior to filing. Of this amount, $9,300.42 was earned and paid prior to the filing of the petition, including $1,738.00 used to pay the Chapter 11 filing fee, and $17,437.58 (the "Retainer") is retained by the firm and held in trust. An affiliate of the Debtor, Three Sixteen Tennis, LLC, was the source of the Retainer.

## **VERIFICATION**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 4th day of May, 2026.

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

IN RE:                                                    )
                                                              )          Chapter 11
506 FRANKLIN ROAD, LLC,                     )          Case No. 3:26-bk-02120
                                                              )          Judge Charles M. Walker
                     Debtor.                             )

**[PROPOSED] ORDER APPROVING EMPLOYMENT AND RETENTION OF**
**DUNHAM HILDEBRAND PAYNE WALDRON, PLLC AS COUNSEL FOR DEBTOR**

This matter came on for consideration on the *Application for Order Approving Employment and Retention of Dunham Hildebrand Payne Waldron, PLLC as Counsel for Debtor* (the "Motion"). It appears that approval of employment on the terms and conditions described in the Motion is appropriate, and that pursuant to Section 327(a) of the Bankruptcy Code, the Debtor is authorized to employ the Firm as bankruptcy counsel. It further appears that notice of the Motion was properly given pursuant to all applicable bankruptcy rules and that no objections were filed.

IT IS THEREFORE ORDERED that the Motion is approved on the terms and conditions described in the Motion, and Dunham Hildebrand Payne Waldron, PLLC is approved and authorized as counsel for the Debtor. The employment is effective and relates back to the Petition Date.

IT IS FURTHER ORDERED that the Firm may file a first interim fee application on or after the 30th day following commencement of this case consistent with the Motion. Unless otherwise ordered by the Court, all subsequent fee applications shall be filed no more often than once every 30 days. No funds may be paid by the Debtor post-petition to the Firm for fees or expenses absent entry of an order approving the fees and expenses. The Firm shall otherwise comply with and be compensated in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and all applicable Local Rules.

IT IS FURTHER ORDERED that, prior to any increases in the Firm's rates billed to the Debtor, the Firm shall file a supplemental affidavit with the Court the basis for the requested rate increase in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and whether the Debtor have consented to the increase. Prior to the rate increase taking effect, the Firm shall provide ten business days' notice to the Debtor, the U.S. Trustee and any official committee. Further, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

IT IS SO ORDERED.

THIS ORDER WAS SIGNED AND ENTERED ELECTORNICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

APPROVED FOR ENTRY:

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND
PAYNE WALDRON, PLLC
9020 Overlook Boulevard, Suite 316
Brentwood, TN 37027
615.933.5851
ned@dhnashville.com
*Counsel for the Debtor*